```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM AND ORDER
          - against -
                                              03 Cr. 227-3 (NRB)
CONFESSOR LIRIANO
a/k/a CELSO ACEVEDO-COLON                     05 Cr. 253-4 (NRB)

                Defendant.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE[1]**

Defendant Confessor Liriano pled guilty to the charges of Hobbs Act robbery; conspiracy to commit a Hobbs Act robbery; possession of firearm in furtherance of those offenses; and conspiracy to distribute narcotics to resolve 03 Cr. 227-3 and 05 Cr. 253-4. A consolidated sentence was imposed for both cases, and Judge Batts, who previously presided over those cases, imposed a sentence of 240 months of imprisonment, which was the lowest sentence that was legally permissible: a mandatory minimum of 120 months for the narcotics conspiracy charge in 05 Cr. 253-4 and another mandatory minimum consecutive sentence of 120 months for the firearm possession charge.[2] See 03 Cr. 227-3, ECF No. 64. Defendant now moves pro se for compassionate release from CI McRae, citing the deteriorating health conditions of his parents who are

---

[1] The cases against defendant Liriano have been reassigned to this Court following the passing of Judge Batts.
[2] Judge Batts imposed 60 months for each of the remaining charges to run concurrently with defendant's sentence for the narcotics conspiracy charge.

currently residing in the Dominican Republic.  For the following reasons, defendant's motion is denied.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A).[4]  As this motion is brought pro se, it

---

[3]  Although defendant generally cites 18 U.S.C. § 3582(c) as the basis of his motion, we limit our inquiry to § 3582(c)(1)(A)(i) because the other subsections of § 3582(c) are inapposite.

[4]  It is unclear from the defendant's letters whether he ever requested compassionate release from the warden of CI McRae, much less whether 30 days have elapsed since making any such request. Because this Court lacks the authority to waive defendant's compliance with Section 3582(c)(1)(A)'s exhaustion requirement, see United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020), defendant's motion for compassionate release may be denied for failure to exhaust. However, because defendant's motion fails, in any event, on its merits, the application would be denied even if the Court were satisfied that defendant had properly exhausted his administrative remedies.

2

should "be construed liberally to raise the strongest arguments [it] suggest[s]." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006). However, defendant still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has failed to do so, his motion is denied.

Defendant's separation from his family is an inevitable consequence of his sentence of imprisonment, although the situation may vary among the inmates.[5] Accordingly, the Court rejects the suggestion that family separation alone constitutes an "extraordinary and compelling reason[]" that warrants a sentence reduction under Section 3582(c)(1)(A)(i). Further, defendant's argument that he has already served the sentence that was the original plea offer by the Government—namely, 15 years of imprisonment—does not warrant a sentence reduction. The historical sequence between the original plea offer and the subsequent sentence is detailed in Judge Batts' decision on defendant's habeas petition in 2009, in which she found that it was defendant who "wished to proceed to trial" and thereby rejected the 15-year plea deal. See Memorandum and Order of September 16, 2009, 03 Cr. 227, ECF No. 63 at 9-10. Defendant's remorse for not

---

[5] See Sentencing Guidelines § 5H1.6.

accepting a more favorable plea offer is not a basis for compassionate release.[6]

In his motion, defendant also references 18 U.S.C. § 924(c) as a potential basis for sentence reduction. In United States V. Davis, 139 S.Ct. 2319 (2019), the Supreme Court held that § 924(c)(3)(B) (the "risk-of-force clause") was unconstitutionally vague and therefore was unenforceable. However, subsequently to Davis, the Second Circuit already held that a substantive Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) (the "elements clause"), which is unaffected by Davis. See United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019). As defendant was convicted of Hobbs Act robbery in Count II of the 03 Cr. 227 indictment, Davis does not provide a basis for sentence reduction.

Defendant also references "Motion 60541" in his letter of June 11, 2020. See 03 Cr. 277, ECF No. 77. Although it is not entirely clear what defendant meant with it, the Court suspects that defendant seeks to be released pursuant to 34 U.S.C. § 60541(g), which, as part of the Second Chance Act of 2007, required the establishment of a pilot program at one or more BOP facilities to evaluate early community re-entry for eligible elderly offenders, including placing qualifying inmates on home detention

---

[6] Even if defendant had met the burden of establishing that his personal circumstances constituted an extraordinary and compelling basis for his release, the application of the factors set forth in 18 U.S.C. § 3553(a) would still counsel against release.

4

for the reminder of their respective sentences. However, under § 60541(g), as amended by the First Step Act of 2017, only someone "who is not less than 60 years of age" may qualify as an "eligible elderly offender" for such a pilot program. 34 U.S.C. § 60541(g)(5)(A)(i). The Federal Bureau of Prisons online record indicates that defendant is currently 49 years old. Accordingly, regardless of the Court's authority with respect to any programs launched pursuant to § 60541(g), defendant would not be eligible for release under any such program.

For the foregoing reasons, the Court denies defendant Liriano's motion. This Memorandum and Order resolves the ECF Docket Entries Nos. 76 and 77 in the 03 Cr. 227-3 docket and the ECF Docket Entry No. 96 in the 05 Cr. 253-4 docket.

**SO ORDERED.**

Dated:   New York, New York
         July 15, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

5

**Defendant(*pro se*)**

Confessor Liriano (a/k/a Celso Acevedo-Colon)

**A copy of the foregoing Memorandum and Order have been mailed to the following**:
Confessor Liriano/Celso Acevedo-Colon (#53054-054)
McRae Correctional Facility
P.O. Box 55030
McRae Helena, GA 31055

6