UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,

          - against -              **MEMORANDUM AND ORDER**

CONFESSOR LIRIANO               03 Cr. 227-3 (NRB)
a/k/a CELSO ACEVEDO-COLON,

                       05 Cr. 253-4 (NRB)
               Defendant.
-------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


      Defendant Confessor Liriano moves under 18 U.S.C. §
3582(c)(1)(A) to have the Court reduce his 240-month sentence
to time-served for Hobbs Act robbery; conspiracy to commit
Hobbs Act robbery; possession of a firearm in furtherance of
those offenses; and conspiracy to distribute narcotics.  ECF
No. 84.  The Government has submitted a letter in opposition.
ECF No. 85.  This is the second time defendant has petitioned
the Court for this type of relief, the Court having denied
his first pro se motion for compassionate release in July
2020.  United States v. Liriano, No. 03 Cr. 227, 2020 WL
4017821 (S.D.N.Y. July 15, 2020) (the "July Order").  In light
of the circumstances presently raised by defendant, we will
grant the motion.

      As explained in the July Order, Section 3582(c)(1)(A)
permits the Court to modify a sentence if, after considering

the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(c)(1)(A).

In support of his instant motion, defendant advances several arguments to justify release.[1]  First, defendant points to the length of his sentence: a mandatory minimum of 120 months for conspiracy to distribute over 5 kg of cocaine and another consecutive mandatory minimum of 120 months for possession and discharge of a firearm while committing Hobbs Act robbery.  Though the sentencing court (Judge Deborah A. Batts) had no discretion to deviate from these minimums, the U.S. Sentencing Guidelines range would have been 120 to 135 months.[2]  Defendant has now served over 16 years, or approximately 80% of that sentence.  Accounting for good time credit, he is projected to be released in May of 2022, and so has served approximately 95% of the total extent of his incarceration.  Moreover, defendant informs us, and the government does not dispute, that for approximately the last

---

[1]    As a preliminary matter, defendant has exhausted his administrative remedies to seek relief.  See ECF No. 227, Ex. A.

[2]    Notably, according to defendant's presentencing report, defendant's weapon was discharged accidentally, and no persons were injured.  Further, the 10-year minimum for defendant's narcotics conspiracy charge was triggered as a result of a fictitious amount of drugs concocted by the DEA as part of a "sting" operation.  ECF No. 84, Ex. B.

15 years, defendant has not had a single disciplinary infraction, and has completed a lengthy list of educational programs while incarcerated.

Defendant further points to the recurrence of his father's cancer, which the government concedes "seems serious." ECF No. 85 at 5. He also submits a letter from his mother - who likewise suffers from various ailments – which speaks to the need for defendant to return home to the Dominican Republic and care for the family's affairs. ECF No. 84, Ex. G.

Lastly, defendant points to harsh prison conditions as a result of the COVID-19 pandemic. Defendant admits that he "does not fall into a high risk category based on age or medical condition," ECF No. 84 at 7, and we note that "pointing to the mere existence [of] COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." United States v. Davis, No. 14 Cr. 00296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020). However, it is undeniable that the pandemic has led to severe conditions in the prisons, certainly none of which could have been contemplated when defendant was sentenced.

Taken separately, none of defendant's bases for release rise to the level of "extraordinary and compelling." However, considered in combination, we find that defendant has met this burden. With the reduction for good behavior, defendant has served 95% of his sentence, the last year of which was spent in severe conditions brought about by the pandemic. In addition, defendant has consented to removal to his home country of the Dominican Republic. See United States v. Vargas, No. 88 Cr. 325, 2020 WL 6886646 (S.D.N.Y. Nov. 24, 2020); United States v. Bennett, No. 05 Cr. 1192, 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020).

Because defendant has satisfied his burden under Section 3582(c)(1)(A)(i), the Court now applies the factors set forth in 18 U.S.C. § 3553(a) to determine if they override defendant's extraordinary and compelling circumstances.[3] We find that they do not. These factors include "the nature and circumstances of the offense," and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

---

[3]    "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743, 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

As noted above, defendant has served the vast majority of his sentence, and we find that his 16 years of incarceration is ample punishment for the crimes for which he was convicted. The Court is likewise satisfied that defendant will not pose a danger to any persons or to the community, as he is subject to an ICE detainer and will be removed from this country upon his release. See United States v. Francis, No. 06 Cr. 80, 2021 WL 242461, at *2 (S.D.N.Y. Jan. 22, 2021).

Therefore, for the reasons stated above, defendant's motion is granted. Defendant is to be released solely to ICE custody to effect his prompt removal to the Dominican Republic in accordance with defendant's consent.[4]

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 84.

**SO ORDERED.**

Dated:  New York, New York
        April 30, 2021

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[4]     The Court expects CJA counsel to assist in the effectuation of defendant's prompt removal to the Dominican Republic.